**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1932-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT SHEARRIN, a/k/a
ROBERT LEE SHEARRIN,

    Defendant-Appellant.

_____

Submitted May 2, 2018 — Decided June 27, 2018

Before Judges Alvarez and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Warren County, Indictment No.
06-02-0062.

Joseph E. Krakora, Public Defender, attorney
for appellant (Ruth E. Hunter, Designated
Counsel, on the brief).

Richard T. Burke, Warren County Prosecutor,
attorney for respondent (Kelly Anne Shelton,
Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Robert Lee Shearrin appeals from the denial of his

petition for post-conviction relief (PCR). After reviewing the

contentions in light of the record and applicable legal principles, we affirm.

Defendant was charged with second-degree sexual assault in violation of N.J.S.A. 2C:14-2(c)(4). During the plea hearing on February 9, 2006, the judge advised defendant that following the completion of his sentence, he would be subject to parole supervision for life (PSL) for a period of at least fifteen years. The judge further counselled that a violation of PSL was a fourth-degree crime that carried a sentence of up to eighteen months in state prison in addition to any sentence imposed by the parole board.

Defendant pled guilty to the charge and was sentenced to three years in state prison. He did not file a direct appeal. After completing his sentence, defendant violated the terms of his PSL four times, commencing in 2008, for which he served periods of incarceration.

On July 23, 2015, nine years after his original conviction, defendant filed a petition for PCR, pro se. Thereafter, counsel was assigned and filed a supplemental brief. Defendant asserted his trial counsel failed to adequately inform him of the PSL consequences at the time of his guilty plea. He states he was not advised he could be returned to prison for violations of PSL and was only told he was required to register for fifteen years after

the completion of his sentence. He further argued he was unaware of the five-year timeframe to file a PCR.

At the PCR hearing, video recordings of the plea and sentencing proceedings were played, and defendant testified. He conceded he was guilty of the charged offense, and that he signed the plea forms, which explained PSL and the consequences of violating its terms. Although defendant admitted the judge had explained PSL to him at both the plea and sentencing hearings, he stated he thought he would only be sent to the county jail for any PSL violation, not state prison.

In an oral decision issued October 6, 2016, the trial judge found the PCR petition was time-barred and defendant had entered a knowing and voluntary plea as PSL and the consequences of violating it were discussed with defendant at the plea and sentencing hearings. Finally, the judge noted that if defendant was unaware of the terms of PSL, he must have understood the restrictions and its consequences at the time of his first violation in 2008. The petition was not filed for more than six years after that time.

Defendant raises the following issues on appeal:

> POINT I: THE TRIAL COURT ERRED IN DENYING POST-CONVICTION RELIEF.
>
> POINT II: THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT'S PCR PETITION WAS TIME-BARRED.

A-1932-16T2

Rule 3:22-12(a)(1) provides a time limit for the first filing of a PCR petition. It specifies that a petition must be filed within five years after the entry of the judgment of conviction. Ibid. If the petition is untimely, it must allege facts showing that the "delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A).

The five-year time bar established by Rule 3:22-12(a)(1) is relaxed only in exceptional circumstances. State v. Afanador, 151 N.J. 41, 52 (1997). In determining whether or not exceptional circumstances exist, courts consider "the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice.'" Ibid. (citing State v. Mitchell, 126 N.J. 565, 580 (1992)).

This petition was filed more than four years beyond the five-year time period. Defendant offered no facts satisfying the "exceptional circumstance" standard to warrant the relaxation of Rule 3:22-12. He argues only an ignorance of the law. That assertion alone is not a sufficient basis upon which to find excusable neglect and relax the timeframe under the rule. See,

e.g., State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013) ("If excusable neglect for late filing of a petition is equated with incorrect or incomplete advice, long-convicted defendants might routinely claim they did not learn about the deficiencies in counsel's advice on a variety of topics until after the five-year limitation period had run."). Despite the procedural bar, however, for the sake of completeness, we address the merits of defendant's petition.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

We are satisfied from our review of the record that the PCR judge's finding that defendant failed to meet his burden of proof as to a showing of ineffectiveness of trial counsel under the Strickland-Fritz test was supported by sufficient credible evidence. Defendant's argument that trial counsel was deficient in not informing him of the meaning of PSL or its consequences is not supported by the record. The trial court discussed PSL with defendant at the time of his plea and sentencing hearings. Defendant informed the plea judge he understood he would be subject to a period of PSL of at least fifteen years, and that any violation of PSL would result in a state prison sentence. He further acknowledged that the information did not change his mind as to his intention to plead guilty.

We are satisfied from our review of the record that defendant failed to meet his burden of proof as to a showing of ineffectiveness of trial counsel within the Strickland-Fritz test.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1932-16T2